UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRISTA K., | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-256 |
| CAROLYN W. COLVIN,[1] | * | |
|    Defendant. | * | |

**MEMORANDUM OPINION**

On January 25, 2024, Plaintiff petitioned this Court to review the final decision of the Social Security Administration (SSA or Commissioner) denying her claim for benefits. ECF No. 1. This case was referred to a United States Magistrate Judge with the parties' consent. 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). Pending before the Court is Plaintiff's appeal, which is fully briefed. ECF Nos. 11, 13–14. No hearing is necessary. Loc. R. 105.6. This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig* v. *Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, and for the reasons set forth below, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this Opinion.

**I.     Background**

    **A.     Procedural History**

On February 10, 2021, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act, 42

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on January 25, 2024. ECF 1. Carolyn W. Colvin became the Acting Commissioner on November 30, 2024. Accordingly, she has been substituted as Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

U.S.C. § 301 *et seq.* and 42 U.S.C. § 1381 *et seq*.  ECF No. 8-6 at 2, 10.[2]  Plaintiff claimed that she was disabled within the meaning of the Social Security Act because she is unable to work due to degenerative arthritis, degenerative disc disease, Dupuytren's contracture, carpal tunnel syndrome, right trigger finger, obesity, migraine, hypertension, hypothyroidism, thrombophilia, and breast cancer.  ECF Nos. 8-6 at 4, 10; 8-3 at 22–23.  Plaintiff alleges that she became disabled on January 1, 2019.  ECF No. 8-6 at 4, 10.

The SSA initially denied Plaintiff's applications for benefits on June 24, 2021.  ECF No. 8-4 at 2–8.  On August 23, 2021, Plaintiff filed for reconsideration, and the SSA affirmed its initial determination.  ECF No. 8-5 at 11–17.  On August 8, 2022, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who rendered a decision on June 22, 2023, denying Plaintiff's claims.  *Id.* at 19; ECF No. 8-3 at 15–32.  On June 27, 2023, Plaintiff requested review of the ALJ's decision, and on November 27, 2023, the Appeals Council affirmed the decision.  ECF Nos. 8-5 at 95–96; 8-3 at 2–4.  The ALJ's June 22, 2023 decision therefore constitutes the final, reviewable decision of the SSA.  *Sims* v. *Apfel*, 530 U.S. 103, 106-107 (2000); 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(a).  Plaintiff subsequently filed the present appeal.  ECF No. 1.

**B.     Statutory Framework**

The Social Security Act authorizes disability insurance benefit payments to every insured individual who "'is under a disability.'"  *Cleveland* v. *Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999) (quoting 42 U.S.C. § 423(a)(1)); *see also Shue* v. *O'Malley*, No. 23-1795, 2024 WL 2827936, at *3 (4th Cir. June 4, 2024).  The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

---

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). Federal regulations require the ALJ to evaluate a claimant's disability claim using a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. Through this process, an ALJ evaluates, in order, whether the claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock* v. *Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "The applicant bears the burden of production and proof during the first four steps of the inquiry." *Pass* v. *Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Mascio* v. *Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (quoting 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429).

If the claimant does not carry their burden at the third step of the sequential evaluation, then the ALJ must assess relevant evidence and make a finding regarding the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e); *Monroe* v. *Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). Residual functional capacity is defined as "the most you can still do despite your [physical and mental] limitations." 20 C.F.R. §§ 404.1545, 416.945. The residual functional capacity assessment "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio*, 780 F.3d at 636 (quoting Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims (SSR 96-8p), 61 Fed. Reg. 34,474-01, 34,475 (July 2, 1996)). "Only after such a function-by-function analysis may an ALJ express [residual functional capacity] 'in

3

terms of the exertional levels of work.'" *Monroe*, 826 F.3d at 187 (quoting *Mascio*, 780 F.3d at 636). The ALJ then uses its residual functional capacity determination at the fourth and fifth steps of the disability assessment. 20 C.F.R. § 404.1520(e); *Monroe*, 826 F.3d at 179.

### C. The ALJ's Decision

At step one of the five-step sequential disability evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged date of disability onset. ECF No. 8-3 at 21. Although Plaintiff held various jobs since January 1, 2019, none of the positions constituted "substantial gainful employment." *Id.* At step two, the ALJ found that Plaintiff has several severe impairments: degenerative arthritis and degenerative disc disease of the cervical and lumbar spine status-post C5-6 fusion; Dupuytren's contracture of the right hand; carpal tunnel syndrome of the right hand; right trigger finger, status-post release; and obesity.[3] *Id.* at 22–23. At step three, the ALJ found that Plaintiff does not have an impairment that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 23.

Before continuing to the fourth step of the sequential evaluation, the ALJ determined that Plaintiff has the residual functional capacity to perform light exertional work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), provided that (i) there is a sit/stand option that would allow for a brief change in position for one to two minutes every thirty minutes; (ii) no crawling or climbing ladders, ropes, or scaffolds; (iii) no more than occasional balancing, crouching, kneeling or stooping; (iv) no more than occasional overhead reaching; and (v) no more than frequent handling and fingering. *Id.* at 24.

---

[3] The ALJ also found that Plaintiff's following impairments are not severe: migraine, hypertension, hypothyroidism, thrombophilia, history of deep vein thrombosis, and breast cancer. ECF No. 8-3 at 22.

At the fourth step, the ALJ found that Plaintiff can perform past relevant work as a sales clerk, store manager, and assistant manager. *Id.* at 30. Lastly, at the fifth step, the ALJ determined that there are jobs that exist in the national economy that Plaintiff can perform, Plaintiff is not "under a disability" as defined in the Social Security Act, and the SSA properly denied her applications for benefits. *Id.* at 30–32.

## II.     Standard of Review

The scope of judicial review of the SSA's disability determination is "circumscribed." *Britt* v. *Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing 42 U.S.C. § 405(g)). The Court must affirm the decision "so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence." *Id.*; *accord Mascio*, 780 F.3d at 634; *Coffman* v. *Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Factual findings supported by substantial evidence "shall be conclusive." 42 U.S.C. § 405(g); *see also Hays* v. *Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if [the] decision is supported by substantial evidence.").

"The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek* v. *Berryhill*, 587 U.S. 97, 102 (2019). Under this standard of review, substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Laws* v. *Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("Substantial evidence . . . is evidence which a reasoning mind would accept as sufficient to support a particular conclusion."). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Laws*, 368 F.2d at 642. The "threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103.

In conducting the substantial evidence inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co.* v. *Akers*, 131 F.3d 438, 439-440 (4th Cir. 1997). Although an ALJ's decision must be sufficiently detailed to allow for meaningful judicial review, an "elaborate or even sophisticated" explanation is not required. *Mascio*, 780 F.3d at 636-637; *T-Mobile S., LLC* v. *City of Roswell*, 574 U.S. 293, 302 (2015). Rather, an administrative decision's reasoning need only be "reasonably discernible." *Garland* v. *Ming Dai*, 593 U.S. 357, 369 (2021). "Meaningful review is frustrated—and remand necessary—only where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (internal quotation marks and citation omitted).

## III.   Discussion

Plaintiff argues that the ALJ's conclusions at the fourth and fifth steps of the sequential disability evaluation process are not supported by substantial evidence because the ALJ did not execute the required function-by-function analysis during the residual functional capacity assessment. ECF No. 11 at 7–10. In response, the Commissioner contends that remand is not warranted because the ALJ's residual functional capacity analysis—which "is not required to conform to some rigid formula"—is supported by substantial evidence. ECF No. 13 at 7–11.

"When an individual is not engaging in substantial gainful activity and a determination [regarding eligibility for benefits] . . . cannot be made on the basis of medical factors alone . . . , the sequential evaluation process generally must continue with an identification of the individual's functional limitations . . . and an assessment of his or her remaining capacities for work-related activities." SSR 96-8p, at 61 Fed. Reg. 34,475. The latter part of this analysis is expressed as a claimant's residual functional capacity, which is the most the claimant can do in a

work setting on a regular and continuing basis despite any impairments or related symptoms. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p, at 61 Fed. Reg. 34,475; *see also supra* I.B.

A claimant's residual functional capacity is determined using a two-step process. The ALJ must first "identify the individual's functional limitations . . . and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p, at 61 Fed. Reg. 34,475. "The function-by-function approach asks the ALJ to consider a claimant's specific 'exertional and nonexertional functions.'"[4] *Ladda* v. *Berryhill*, 749 Fed. Appx. 166, 173 (4th Cir. 2018) (quoting SSR 96-8p). The ALJ then expresses a claimant's residual functional capacity "in terms of the exertional levels of work," such as "sedentary, light, medium, heavy, and very heavy." SSR 96-8p, at 61 Fed. Reg. at 34,475; *see also* 20 C.F.R. § 404.1567 (defining the physical exertion requirements of each exertional level of work); 20 C.F.R. § 416.967 (same).

While the SSA guidelines require a "function-by-function" analysis to determine a claimant's residual functional capacity, the Fourth Circuit Court of Appeals has held that this analysis does not need to be explicit. *Mascio*, 780 F.3d at 636 (rejecting "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis"). Instead, the key consideration is whether the ALJ identified the evidence relied upon in determining the claimant's residual functional capacity and built "an accurate and logical bridge" from the evidence to that conclusion." *Monroe*, 826 F.3d at 189 (internal quotation marks and citation omitted). A proper residual functional capacity analysis "has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas* v. *Berryhill*, 916 F.3d 307, 311 (4th Cir.

---

[4] "Exertional capacity . . . defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling." Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34,474-01, 34,477 (July 2, 1996). "Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength," such as stooping, climbing, reaching, seeing, hearing, speaking, understanding and remembering instructions, and tolerance of temperature extremes. *Id.*

2019), as amended (Feb. 22, 2019).  The second component of this analysis, "the ALJ's logical explanation, is just as important as the other two." *Id.*; *see also* SSR 96-8p, 61 Fed. Reg. at 34,478 ("The [residual functional capacity] assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence.").  Remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record," *Mascio*, 780 F.3d at 636 (internal quotation marks and citation omitted), or where the ALJ's residual functioning capacity analysis "contains too little logical explanation for . . . meaningful appellate review." *Thomas*, 916 F.3d at 312.

Here, the ALJ determined in the residual functional capacity assessment that Plaintiff could perform light work with some accommodations.[5]  ECF No. 8-3 at 24; *see also supra* I.C (outlining the ALJ's findings regarding Plaintiff's capacity for exertional work).  To reach this finding, the ALJ assessed Plaintiff's symptoms, as well as medical opinions and findings.  ECF No. 8-3 at 24 (citing 20 C.F.R. §§ 404.1529 (How we evaluate symptoms, including pain.); 416.929 (same); Social Security Ruling 16-3p, Titles II & XVI: Evaluation of Symptoms in Disability Claims, 82 Fed. Reg. 49,462 (Oct. 25, 2017)).  The ALJ discussed Plaintiff's testimony and reports, medical records, and prior administrative medical findings.  ECF No. 8-3 at 24–29.  The ALJ did not, however, reference the residual functional capacity regulations or the relevant Social Security Ruling or provide an assessment of the seven strength demands of exertional capacity in relation to each of Plaintiff's work functions.  *Id.*

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 416.967(b).

This is precisely the error that formed the basis of the Fourth Circuit's reversal in *Dowling* v. *Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As noted in *Dowling,* while a claimant's symptoms are relevant to the residual functional capacity analysis, "an RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." 986 F.3d at 387; *accord Marie Evelyn B.* v. *Kijakazi*, Civil Action No. GLS-22-1240, 2023 WL 4600520, at *5 (D. Md. July 17, 2023) (remanding because the ALJ's analysis focused on the "persistence and intensity of the Plaintiff's alleged symptoms" rather than the residual functional capacity function-by-function assessment); *Nicole C.* v. *Kijakazi*, Civil Action No. JMC-22-2123, 2023 WL 4027481, at *4 (D. Md. June 15, 2023); *Theodore F.* v. *Kijakazi*, Civil Action No. ADC-22-1658, 2023 WL 2837585, at *8 (D. Md. Apr. 7, 2023). Because the ALJ did not employ the appropriate legal framework and engage in the required function-by-function analysis, the ALJ's decision is not supported by substantial evidence.

The Commissioner further argues that even if the ALJ's residual functional capacity assessment is not supported by substantial evidence, the decision should nevertheless be affirmed because the ALJ's alternative basis for concluding that Plaintiff is not disabled at step five of the sequential analysis is supported by substantial evidence and unchallenged by Plaintiff. ECF No. 13 at 21–22. This argument misapprehends the scope of Plaintiff's claims on appeal, which challenge the ALJ's analysis at both the fourth and fifth steps of the sequential analysis. ECF Nos. 11 at 7; 14 at 4–5. It also ignores the fact that the residual functional capacity analysis is incorporated into both the fourth and fifth steps of the sequential analysis. *E.g.*, *Mascio*, 780 F.3d at 636 (noting that "ALJs clearly use the residual functional capacity finding at steps four and five"). The flaw in the ALJ's residual functional capacity analysis at step four therefore precludes a finding that the ALJ's conclusion at step five is supported by substantial evidence.

**IV.     Conclusion**

For the foregoing reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).  A separate Order follows.


Date:  December 27, 2024                             /s/
                                                                   Erin Aslan
                                                                   United States Magistrate Judge