**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CRISTA K., | * | |
| Plaintiff, | * | |
| v. | * | **Civil Action No. EA-24-256** |
| FRANK J. BISIGNANO, | * | |
| Commissioner of Social Security,[1] | | |
| | * | |
| Defendant. | | |
| | * | |

**MEMORANDUM OPINION**

On January 25, 2024, Plaintiff Crista K. petitioned this Court pursuant to 42 U.S.C.

§ 405(g) for judicial review of the final decision of the Social Security Administration (SSA or

Commissioner) denying her claim for benefits.  ECF No. 1.  This case was referred to a United

States Magistrate Judge with the parties' consent.  ECF Nos. 3–5; 28 U.S.C. § 636; Local Rule

301.4 (D. Md. Dec. 1, 2025).  Pending before the Court is Plaintiff's motion for attorney's fees

pursuant to 42 U.S.C. § 406(b).  ECF No. 23.  The motion is fully briefed, and no hearing is

necessary.[2]  ECF No. 24; Local Rule 105.6.  For the reasons set forth below, the motion is

granted.

I.      BACKGROUND

On December 27, 2024, this Court reversed the SSA's judgment and remanded the case

for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 15–16.  On

---

[1]  Plaintiff filed suit against Acting Commissioner of Social Security Carolyn W. Colvin. ECF No. 1.  Pursuant to Federal Rule of Civil Procedure 25(d), Frank J. Bisignano was substituted as Defendant in this case when he became the Commissioner on May 7, 2025.  *See* https://perma.cc/6HGN-DL7G (last visited May 7, 2026).

[2]  Plaintiff elected not to file a reply and the time to do so has lapsed.  Local Rule 105.2(a) (D. Md. Dec. 1, 2025).

February 20, 2025, the parties filed a stipulation indicating their agreement "to an award of attorney's fees to the Plaintiff under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,000.00," which the undersigned approved. ECF Nos. 18–19. This award was to compensate Plaintiff's counsel for 21 hours of work he had performed on Plaintiff's behalf. ECF No. 17-2 at 2.[3]

Plaintiff prevailed on remand and subsequently received a Notice of Award on January 23, 2026, in which she was awarded past-due benefits in the amount of $74,436.00. ECF No. 23-3 at 1, 5. Pursuant to 42 U.S.C. § 406(b), on February 4, 2026, Plaintiff moved to collect the $18,609.00 the Commissioner had withheld for direct payment of an attorney fee, which represents 25 percent of the total amount of past-due benefits. ECF Nos. 23; 23-3 at 5; Local Rule 109.2(c). Plaintiff's counsel agrees to reimburse Plaintiff the $5,000.00 he previously received in EAJA fees. ECF No. 23 at 2. The Commissioner "neither supports nor opposes counsel's request for attorney's fees" but asks the Court to consider whether the requested amount of $18,609.00 constitutes a reasonable fee. ECF No. 24 at 1–2.

## II.    DISCUSSION

The Social Security Act authorizes reasonable attorney's fee for successful representation, not to exceed 25 percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Contingent fee agreements, which are the "primary means by which fees are set" in Social Security cases, are permissible so long as they are "reasonable for the services rendered" and do not exceed the statutory "25 percent boundary." *Gisbrecht* v. *Barnhart*, 535 U.S. 789, 807 (2002). A reviewing court must therefore perform an "independent check[ ] to assure that they yield reasonable results in particular cases." *Id.* In determining whether a

---

[3] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

request for attorney's fees under Section 406(b) is reasonable, the United States Supreme Court has explained that the court may properly consider the "character of the representation and the results the representative achieved." *Id*. at 808.  Notably, a contingent fee agreement is not reasonable if the resultant fee constitutes a "windfall" to the attorney in the context of the case. *Id*.  Thus, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd* v. *Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).  Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge.  *Gisbrecht*, 535 U.S. at 808.

Here, it is uncontested that Plaintiff entered into a contingent fee agreement in which she agreed to pay counsel 25 percent of all retroactive benefits to which Plaintiff might become entitled.  ECF No. 17-4.  In support of his motion for attorney's fees under the EAJA, counsel stated that he spent 21 hours on behalf of Plaintiff before this Court.  ECF Nos. 17-2 at 2; 17-8. If counsel were to receive the full amount of the requested fees, his hourly rate for representation before this Court would be $886.14, which is more than double his current hourly rate of $350.00.  ECF No. 23-4 at 3.  As this Court has previously observed, "it is customary in Social Security cases to approve significantly higher effective rates than those listed in the local rules." *Johnson* v. *Colvin*, Civil Action No. BPG-21-1545, 2024 WL 5118410, at *2 (D. Md. Dec. 16, 2024) (Abelson, J.) (collecting case).  Nevertheless, counsel must show that this effective hourly rate of $886.14 is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807.

In support of his motion for attorney's fees pursuant to Section 406(b), counsel notes that he has over 10 years of experience, has demonstrated a "high degree of skill and advocacy," and

3

has yielded "exceptional results . . . for Social Security claimants," including Plaintiff.  ECF No. 23-4 at 3.  Counsel's effective representation in this case is evidenced by the past-due benefit awarded to his client.  The first *Mudd* factor therefore weighs in favor of granting the fee request.  As to the second factor, there is no indication that counsel "caused any delay that led to the accumulation of past-due benefits during the pendency of the case."  *Paul P.* v. *O'Malley*, Civil Action No. GLS-19-02793, 2024 WL 4511837, at *3 (D. Md. Oct. 17, 2024).  Thus, this factor also weighs in favor of granting the fee request.  Lastly, the third factor asks the Court to consider whether the requested fee award will result in a windfall to counsel.  *Id.*; *see also Gisbrecht*, 535 U.S. at 808.  Here, counsel's regular hourly rate of $350.00 falls within this Court's guidelines for determining reasonable attorney's fees commensurate with his experience. Local Rules App. B., Section 3(c) ("Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350"); *see also De Paredes* v. *Zen Nails Studio LLC*, 134 F.4th 750, 754 (4th Cir. 2025) (a fee matrix—even one contained within a district court's local rules—may be considered but is not "presumptively reasonable").  Although the requested $886.14 per hour is more than double counsel's usual rate, "many courts in this District have found hourly rates that are more than double the applicable rate provided in the Local Rules to be reasonable where, as is the case here, a plaintiff has received a favorable decision."  *Paul P.*, 2024 WL 4511837, at *4 (collecting cases); *accord Johnson*, 2024 WL 5118410, at *2 (finding an effective hourly rate more than four times the Plaintiff's counsel's typical ordinary rate was reasonable); *Turner* v. *Kijakazi*, Civil Action. No. ABA-20-3371, 2023 WL 8829241, at *2 (D. Md. Dec. 21, 2023) (same).  As in *Paul P.*, where this Court found that a $21,253.00 fee request (which calculated to an effective hourly rate of $809.64) was not unreasonable, the undersigned likewise concludes that all factors weigh in favor of finding that the instant fee request is reasonable.  2024 WL 4511837, at *4.

**III.     CONCLUSION**

For the foregoing reasons, the motion for attorney's fees (ECF No. 23) is granted.  This Court awards $18,609.00 in attorney's fees to Plaintiff's counsel and directs him to reimburse Plaintiff the $5,000.00 in funds he previously received pursuant to the EAJA.  A separate Order follows.

Date:  May 7, 2026                                                          /s/
                                                                 Erin Aslan
                                                                 United States Magistrate Judge